IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED
NOV 2 6 2013
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. |
| Plaintiff, | § | 21 U.S.C. § 331(a) |
| | § | 21 U.S.C. § 333(a)(1) |
| v. | § | |
| | § | |
| STEPHEN GOLDFINCH | § | **13 CR 738** |
| Defendant. | § | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

At all times material to this Information:

1. Defendant STEPHEN GOLDFINCH was the owner and operator of Caledonia Consulting Inc. ("Caledonia"), a company located Mount Pleasant, South Carolina. This company primarily focused on harvesting and the processing of stem cells from umbilical cord blood and the distribution of stem cells.

2. Caledonia routinely sold stem cells to FRANCISCO MORALES, an individual who resided in Brownsville, Texas and performed unapproved procedures involving stem cells.

3. The distribution and sale of stem cells by Caledonia to treat human diseases had not been approved by the Food and Drug Administration.

### FDA STATUTES AND REGULATIONS

4. The United States Food and Drug Administration (FDA) is charged by federal statutes and regulations with the responsibility of protecting the health and safety of the American public by, among other things, ensuring the safety and effectiveness of drugs

1

distributed in the United States. The Public Health Services Act (PHSA) and the Food, Drug and Cosmetic Act (FDCA) are statutes that fall under the purview of the FDA.

5. Under the PHSA, the term "biological product is defined as a virus, therapeutic serum, toxin, antitoxin, vaccine, blood, blood component or derivative, allergenic product, or analogous product . . . applicable to the prevention, treatment, or cure of a disease or condition of human beings." Title 42, United States Code, Section 262(i).

6. Under the PHSA, no person is permitted to introduce or deliver for introduction into interstate commerce any biological product unless, among other things, a biologics license is in effect for the biological product. Title 42, United States Code, Section 262(a)(1).

7. Biological products may be exempt from the requirements of 42 U.S.C. § 262(a) if they are the subject of an Investigational New Drug Application (IND). Title 42, United States Code, Section 262(a)(3) and Title 21, Code of Federal Regulations, Section 601.21.

8. Stem cells derived from umbilical cord blood used for the treatment of amyotrophic lateral sclerosis (ALS), multiple sclerosis (MS), muscular dystrophy and other incurable diseases are biological products with the meaning of 42 U.S.C. § 262(i). Umbilical cord blood, if used for the treatment or prevention of disease in human beings, would also be considered a "drug" under the Food Drug and Cosmetic Act. Biological products that are not licensed under 42 U.S.C. § 262(a) and that meet the FDCA's definition of a drug are subject to the FDCA's drug provisions, such as provisions related to drug adulteration, drug misbranding and "new drugs," including the requirement that all "new drugs" must have an approved new drug application <u>before</u> marketing the drug. Under 42 U.S.C. § 262(j), biological products that are licensed under 42 U.S.C. § 262(a) and that meet the FDCA's drug definition are exempt from

compliance with the FDCA "new drug" approval provisions; however, they are still subject to the FDCA's drug provisions related to adulteration and misbranding.

19. Under the FDCA, the term "drug" includes articles which are (1) intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man; or (2) intended to affect the structure or any function of the body of man. Title 21, United States Code, Section 321(g)(1)(B) and (C).

20. Stem cells derived from umbilical cord blood used for the treatment of Amyotrophic lateral sclerosis (ALS), multiple sclerosis (MS), muscular dystrophy, and other incurable diseases are drugs within the meaning of Title 21, United States Code, Section 321(g).

21. The FDCA prohibits the introduction or delivery for introduction into interstate commerce, or the causing thereof, of any drug that is adulterated or misbranded. Title 21, United States Code, Section 331(a).

22. Under the FDCA, a drug is deemed misbranded unless its labeling bears adequate directions for use. Title 21, United States Code, Section 352(f)(1).

23. Under the FDCA, the term "label" means a display of written, printed or graphic matter upon the immediate container of any article. Title 21, United States Code, Section 321(k). The term "labeling" means all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article. Title 21, United States Code Section 321(m).

## COUNT ONE
## (Misbranded Drugs)
## (21 U.S.C. § 331(a))

1. On or about April 26, 2006 and continuing through December 30, 2008, in the Southern District of Texas and elsewhere, the defendants,

**STEPHEN GOLDFINCH,**

aided and abetted by others known and unknown to the United States Attorney, caused the introduction and delivery for introduction into interstate commerce stem cells that were misbranded in that the stem cells and packaging did not contain directions for use.

**In violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 331(a) and 333(a)(1).**

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
SAMUEL J. LOUIS
Assistant United States Attorney
(713) 567-9737